**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3198-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CANDIDO MAYAS,

     Defendant-Appellant.

_____

Submitted December 19, 2018 – Decided  January 16, 2019

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 06-02-0132.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Danielle Pennino, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a February 27, 2017 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

The facts leading to defendant's conviction are straightforward. Defendant was a rear seat passenger in a car driven by co-defendant, Daniel Rivera.[1] The police stopped Rivera's car for having defective tail lights. The police officers found three firearms in plain view in the car. Defendant, Rivera, and two other passengers were then arrested.

Rivera pled guilty to possessing the guns and eluding the police. During the plea colloquy, Rivera stated he was driving a rented car, the guns belonged to him, and defendant did not know the guns were in the car.

Defendant elected to proceed to trial. Rivera was not called as a witness at defendant's trial. Instead, defense counsel presented a stipulation, advising the jury Rivera pled guilty to possessing the guns found in Rivera's rental car.

The jury convicted defendant of three counts of third-degree possession of a weapon, N.J.S.A. 2C:39-5(b), and three counts of second-degree certain persons not to have firearms, N.J.S.A. 2C:39-7(b). The court sentenced defendant to an aggregate twenty-year term of imprisonment with a ten-year parole ineligibility period.

---

[1] Rivera is also defendant's cousin.

A-3198-16T3

Defendant filed a direct appeal, and we affirmed the conviction but reversed and remanded the matter for resentencing. State v. Mayas, No. A-2227-07 (App. Div. July 29, 2011). The New Jersey Supreme Court denied defendant's petition for certification on January 13, 2012. State v. Mayas, 209 N.J. 97 (2012).

Defendant filed a PCR petition on May 30, 2012. On June 10, 2014, without conducting an evidentiary hearing, the PCR judge denied the petition, and defendant appealed. We reversed and remanded the matter for an evidentiary hearing before a different PCR judge. State v. Mayas, No. A-1310-14 (App. Div. June 22, 2016).

An evidentiary hearing on defendant's PCR application was held on December 19, 2016. Defendant's trial counsel and Rivera testified. Trial counsel testified he did not believe Rivera was a credible witness following Rivera's plea hearing. According to trial counsel, Rivera could not describe the guns or explain how the guns operated. Defendant's trial attorney found Rivera's testimony either contradicted, or was not contained in, the discovery related to defendant's charges. According to defendant's trial counsel, Rivera would have had to contradict his plea testimony to help defendant's case. In addition, counsel believed a jury was likely to find Rivera biased because he was

defendant's cousin and the two men had a close relationship. Counsel told the PCR judge that interviewing Rivera prior to trial would not have changed his opinion because the stipulation regarding Rivera's plea to possession of the weapons was preferable to calling a witness who lacked credibility. Defendant's trial counsel also believed the State failed to present sufficient evidence for the jury to find defendant knew there were guns in the car.

Rivera was sequestered during the PCR evidentiary hearing and did not hear the testimony offered by defendant's trial counsel. Rivera explained, while he is defendant's cousin, defendant is "like a brother" and Rivera would help defendant in "any way."

Rivera was unable to recall the statements he made during his plea colloquy. At the PCR evidentiary hearing, Rivera testified he purchased three weapons one week prior to being arrested and none of the co-defendants knew the guns were in the car. Rivera further explained the guns were located in a bag inside the car. However, Rivera's PCR hearing testimony contradicted his plea hearing testimony and the information in the arrest report.

In denying defendant's PCR petition, the trial judge cited Rivera's lack of credibility, conflicting testimony, and close relationship with defendant, concluding the decision against calling Rivera as a witness at defendant's trial

was a "reasonable strategic decision based on all of the information that trial counsel possessed and could have possessed as a result of an interview [of Rivera]." The judge determined it was not "reasonably probable" the outcome of the trial would have been different due to Rivera's conflicting testimony and lack of credibility.

On appeal, defendant argues his trial counsel was ineffective because he did not interview Rivera prior to trial or call him to testify during trial. Specifically, defendant raises the following arguments:

> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BOTH BEFORE AND DURING HIS TRIAL.
>
> A.    Trial counsel failed to conduct an adequate pre-trial investigation.
>
> B.    Trial counsel was ineffective in failing to call Daniel Rivera to testify at defendant's trial.

We defer to the trial court's factual findings made after an evidentiary hearing on a petition for PCR. State v. Nash, 212 N.J. 518, 540 (2013). We uphold the PCR court's findings if they are "supported by sufficient credible evidence in the record." Ibid. A PCR petitioner must establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002).

To establish a prima facie claim of ineffective assistance of counsel, a convicted defendant must satisfy a two-part test, demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 682 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987). In demonstrating the likelihood of succeeding under the Strickland/Fritz test, a defendant "must do more than make bald assertions[,] . . . [and] must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In reviewing ineffective assistance claims, courts apply a strong presumption that a defendant's trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy." Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)).

Courts defer to a trial counsel's decisions regarding the calling of witnesses to testify during trial. State v. Arthur, 184 N.J. 307, 321 (2005); see also State v. Pierre, 223 N.J. 560, 579 (2015) (recognizing the difficulty of determining which witnesses to call and holding a court should defer to a defense

A-3198-16T3

counsel's decision whether to call a witness). "Determining which witnesses to call . . . is one of the most difficult strategic decisions that any trial attorney must confront . . . [t]herefore . . . a court's review of such a decision should be 'highly deferential.'" Arthur, 184 N.J. at 320–21 (quoting Strickland, 466 U.S. at 689)).

Here, defendant's trial counsel made appropriate strategy decisions and tactical judgments in presenting a defense. Trial counsel's determination that Rivera lacked credibility is supported by the record. Rivera's familial and close relationship with defendant also raised the issue of bias, which would likely have had a negative impact on defendant's case. Trial counsel further believed presenting a stipulation to the jury regarding Rivera's plea to possession of the weapons was sufficient to overcome the State's proofs against defendant.

Based on our review of the record, we are satisfied defendant's claim of ineffective assistance of counsel is without merit. The decisions made by trial counsel were an exercise of sound judgment and reasonable trial strategy. See Arthur, 184 N.J. at 332-33. The mere fact that a trial strategy failed does not establish a constitutional claim of inadequacy. Fritz, 105 N.J. at 54.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3198-16T3